# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL CASE NO. 3:05mc334

| | |
|---|---|
| SECURITY INSURANCE COMPANY )<br>OF HARTFORD and )<br>THE CONNECTICUT INDEMNITY )<br>COMPANY, )<br>)<br>      Petitioners, )<br>)<br>      vs. )<br>)<br>EUGENE DENNIS, )<br>)<br>      Respondent. )<br>_____) | **O R D E R** |

**THIS MATTER** is before the Court on Petitioners' Application for Leave to Present Expert Testimony.

This matter is currently set for trial without a jury during the first civil trial term beginning on or after April 21, 2008 on the limited issue of whether Respondent is an alter ego of Dennis Insurance Group, Inc. (DIG) so as to personally bind Respondent to the contractual obligation of DIG to arbitrate. Anticipating that expert witnesses would not be needed in this matter, the Court previously entered an Order providing that no expert

witnesses would be allowed without leave of the Court.  A deadline of January 15, 2008 was set for the filing of applications for such leave.

The Petitioners timely filed an application for leave to present expert testimony at the trial of this matter.  For grounds, the Petitioners state that determining whether the Defendant is the alter ego of DIG will necessarily involve a comprehensive analysis of DIG's financial records and tax returns, and that having the assistance of an expert witness who is well-versed in such financial matters is essential for the Petitioners to prove their case.

Petitioners have stated good cause for allowing expert testimony in this case.  Rule 702 of the Federal Rules of Evidence provides that "[i]f scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."  Fed. R. Evid. 702.  Courts have routinely accepted testimony from financial experts in cases where accounting practices and other complex financial matters are at issue.  See, e.g., Maiz v. Virani, 253 F.3d 641, 666-67 (11th Cir. 2001) (forensic accounting expert allowed to testify about detecting

and tracing funds in complex financial transactions); United States v. Moore, 997 F.2d 55, 57-59 (5th Cir. 1993) (IRS agent allowed to testify in criminal action regarding complicated tax issues); United States v. Systems Architects, Inc., 757 F.2d 373, 376-77 (1st Cir.) (expert allowed to testify regarding amount of direct labor costs improperly shifted to different accounts), cert. denied, 474 U.S. 847 (1985).

Petitioners' request to *present* expert testimony at the bench trial, however, is premature at this time. The Petitioners first must properly disclose such expert witness as required by Fed. R. Civ. P. 26(b)(2). The Court will grant the Petitioners leave to make such disclosure on or before February 15, 2008. Additionally, the Petitioners' request is premature in that the admissibility of any such expert testimony at trial will be dependent on whether the proffered expert testimony is "not only relevant, but reliable." Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579, 589, 113 S. Ct. 2786, 2795, 125 L. Ed. 2d 469 (1993). Thus, before any expert testimony is "presented" to the Court, the Petitioners will be required to show that their witness is "qualified as an expert by knowledge, skill, experience, training, or education" to testify regarding such matters and (1) that the witness's "testimony is based upon sufficient facts or data"; (2) that

"the testimony is the product of reliable principles and methods"; and (3) "the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Petitioners' Application for Leave to Present Expert Testimony is **GRANTED** to the extent that the Petitioners are hereby given leave to disclose an expert witness pursuant to Rule 26(b)(2) on or before **February 15, 2008**. Petitioners' request to "present" expert testimony at the trial is **DENIED**. However, the Petitioners are granted leave to proffer at trial an expert witness who has been properly disclosed pursuant to Fed. R. Civ. P. 26(b). The admissibility of such expert witness's testimony will be determined at trial.

    **IT IS SO ORDERED**.

Signed: January 28, 2008

Martin Reidinger
United States District Judge