# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL CASE NO. 3:05mc334

| | |
|---|---|
| SECURITY INSURANCE COMPANY<br>OF HARTFORD and<br>THE CONNECTICUT INDEMNITY<br>COMPANY,<br><br>      Petitioners,<br><br>      vs.<br><br>EUGENE DENNIS,<br><br>      Respondent. | **O R D E R** |

**THIS MATTER** is before the Court on the Motion of Respondent Eugene Dennis for Relief from Judgment and to Stay Pending Arbitration.

## I.  Procedural History

### A.  Motion to Compel Arbitration

This matter has its genesis in a motion filed by the Petitioners pursuant to 9 U.S.C. §4 of the Federal Arbitration Act seeking an order compelling the Respondent to arbitrate the claims Petitioners allege against him relative to Respondent's position as an alleged principal in Dennis Insurance Group, Inc. ("DIG"). While conceding that Respondent is

not a party to any agreement to arbitrate, Petitioners allege that Respondent is subject to being compelled to arbitrate because he was an "alter ego" of DIG, which was a party to an arbitration agreement with Petitioners.

Magistrate Judge Horn entered a Memorandum and Order on December 20, 2005, directing that limited discovery be conducted relative to Respondent's status with DIG and on the issue of equitable estoppel, with such discovery to be concluded by April 30, 2006, and setting a briefing schedule thereafter on Petitioners' Motion to Compel Arbitration.

Respondent objected to the Magistrate Judge's Order on the grounds that 1) this Court does not have subject matter jurisdiction, 2) this Court should have granted the Respondent a trial on the issue of whether he was an "alter ego" of DIG, and 3) the limited discovery required by the Order violates Respondent's due process rights to a trial.

### B. The Arbitration Proceedings

While the parties were awaiting the Court's rulings on the Respondent's objections to the Magistrate Judge's Order, DIG and the Petitioners agreed to transfer the arbitration proceedings, which were pending in Connecticut, to Charlotte, North Carolina. Respondent, as an

officer of DIG, specifically consented to the transfer and has indicated that he will be actively participating in the arbitration proceedings as a witness for and a representative of DIG.

Dennis & Associates ("D&A"), a sister company of DIG which acted as a third-party administrator for the agreement between DIG and the Petitioners, has also agreed to participate in the arbitration even though D&A's agreement with the Petitioners did not include an arbitration clause. Respondent consented to D&A's participation in the arbitration and will also be a witness for and representative of D&A at the arbitration.

In recent months, DIG, D&A, and the Petitioners have begun preparing for arbitration. Counsel for DIG and counsel for the Petitioners have exchanged information regarding the Petitioners' alleged damages, selected an arbitration panel, and held an initial pre-hearing conference. In December 2007, Petitioners served DIG and D&A with interrogatories and requests for production of documents, many of which are identical to the discovery that the Petitioners also have served upon the Respondent.

**C.     The Court's Ruling**

On December 13, 2007, the Court entered an Order overruling Respondent's objections to the Magistrate Judge's Memorandum and

Order. Specifically, the Court found that Respondent's objections, having been filed sixty-eight days after the entry of the Magistrate Judge's Order, were untimely. Nevertheless, the Court proceeded to address Respondent's objections. The Court rejected Respondent's claim that the Court lacks subject matter jurisdiction to compel Respondent to arbitration. The Court further reset the deadlines for discovery and set this matter for an expedited trial on the limited issue of whether Respondent is an alter ego of DIG so as to personally bind him to the contractual obligation of DIG to arbitrate.

### D. Respondent's Present Motion

On January 16, 2008, Respondent filed the present motion seeking relief from the Court's December 13, 2007 Order pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Respondent further seeks an Order staying this matter pending the arbitration between DIG, D&A, and the Petitioners. For grounds, Respondent argues that allowing this matter to proceed to trial on the alter ego issue will require the Court to undertake a "premature and potentially unnecessary" veil-piercing analysis prior to any formal civil action ever being commenced against the Respondent. Respondent further argues that requiring the parties to proceed to trial

creates an unreasonable and unfair situation for the Respondent, as he will be compelled to participate in the present litigation while simultaneously participating as an officer of DIG and D&A in the arbitration proceedings. Finally, Respondent contends that the Court erred in concluding that Respondent's objections to the Magistrate Judge's Order were untimely.

Petitioners oppose Respondent's motion, arguing that there is no reason to stay the proceedings in this Court, and that the Court properly affirmed Magistrate Judge Horn's Order.

## II. Analysis

As a preliminary matter, the Court notes that the Respondent seeks relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60, however, applies only to "final" judgments, orders, or proceedings. See American Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514 (4th Cir. 2003) (noting that Rule 60(b) does not govern relief from interlocutory orders) (citing 12 Moore's Federal Practice § 60.23). The Court's December 13, 2007, was not a final order and is subject to modification at any time up prior to the final judgment being entered in this case. See id. As such, the Court will consider Respondent's motion as one for reconsideration of the Court's December 13, 2007 order.

The Respondent takes issue with the Court's conclusion that his objections to the Magistrate Judge's Order were untimely, and he argues that the Court should reconsider its Order on this basis. Although the Court initially found that the Respondent's objections were not timely as they were filed sixty-eight days after the Magistrate Judge's Order, the Court nevertheless proceeded to address the substance of Respondent's objections, rejecting Respondent's contention that the Court lacks subject matter jurisdiction to compel Respondent to arbitrate and further ordering the parties to trial on the issue of Respondent's alter ego status. Thus, even if the Court's conclusion of untimeliness was in error, such would not serve as a basis for reconsideration of the Court's Order, as the Court has already fully addressed the Respondent's objections.

Respondent next argues that there is no reason to hold a trial on the alter ego issue before there has been a determination of DIG's liability by an arbitration panel. Respondent points out that the alter ego issue would be rendered moot if the arbitration panel ultimately determines that DIG is not liable to the Petitioners. Thus, Respondent contends, having a trial on this issue prior to the arbitration between DIG and the Petitioners would be a waste of judicial resources. Respondent proposes instead that the trial

be stayed until after the arbitration proceeding has taken place. In support of this argument, Respondent cites <u>Investor Relations Services, Inc. v. Michele Audio Corp. of America, Inc.</u>, No. 1:04CV0565, 2006 WL 2571028 (M.D.N.C. July 19, 2006), and <u>District Council No. 9 v. APC Painting, Inc.</u>, 272 F. Supp. 2d 229 (S.D.N.Y. 2003).

In each of the cases cited by the Respondent, the petitioner sought to confirm an arbitration award and to recover that award under an alter ego/corporate veil-piercing theory from a party who had not participated in the arbitration proceeding. Both courts found that an action to confirm an arbitration award is an inappropriate time to conduct a veil-piercing analysis, and that such analysis should be done only after the arbitration award was confirmed. <u>Investor Relations</u>, 2006 WL 2571028, at *6; <u>District Council No. 9</u>, 272 F. Supp. 2d at 240. In the present case, however, the Petitioners are not seeking to confirm an existing arbitration award; rather, they are seeking to compel the Respondent to participate in the arbitration under an alter ego theory. Accordingly, neither case cited by the Respondent supports his contention that the trial of the alter ego issue should be stayed pending the arbitration between DIG and the Petitioners.

Contrary to Respondent's contention that proceeding to trial on the alter ego issue prior to the arbitration will be a waste of judicial resources, it is the Court's view that resources will be wasted by staying the trial pending arbitration. A stay of the trial would require the Petitioners to proceed to arbitration solely against DIG and D&A. If an award were to be made, the Petitioners would then have to institute an action to confirm that award, and only after that award was confirmed could they pursue Respondent under an alter ego theory. Such a procedure is wasteful of the parties' time and resources, particularly where Respondent concedes that his liability as an alter ego of DIG hinges on many of the same issues that will raised in the arbitration relative to DIG's liability to the Petitioners. Additionally, Respondent will already be present and participating in the arbitration as a witness and representative on behalf of both DIG and D&A.

If Respondent wishes to avoid litigating the alter ego issue while simultaneously participating in the arbitration on behalf of DIG and D&A, a situation which Respondent claim is "unreasonable and unfair," then he should seek to delay the arbitration proceeding until after the trial so that all of the relevant parties and issues may be presented to the arbitration panel at one time.

For the foregoing reasons, **IT IS, THEREFORE, ORDERED** that the Respondent's Motion for Relief from Judgment and to Stay Pending Arbitration is **DENIED**.

**IT IS SO ORDERED**.

Signed: January 28, 2008

Martin Reidinger
United States District Judge