# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL CASE NO. 3:05mc334

| | |
|---|---|
| SECURITY INSURANCE COMPANY )<br>OF HARTFORD and )<br>THE CONNECTICUT INDEMNITY )<br>COMPANY, )<br> )<br>　　　　Petitioners, )<br> )<br>　　vs. )<br> )<br>EUGENE DENNIS, )<br> )<br>　　　　Respondent. )<br>_____) | **O R D E R** |

**THIS MATTER** is before the Court on the Petitioner's Motion to Compel. The Court held a hearing on this motion on February 19, 2008.

The Petitioner Security Insurance Company of Hartford moves this Court for an Order compelling Respondent Eugene Dennis to respond more fully to certain interrogatories and document requests.

At the motion hearing, the parties announced that they had resolved their dispute regarding Interrogatory No. 1 and Document Request Nos. 2, 3, 4, 6, 7, and 11. Accordingly, the Petitioner's Motion to Compel with respect to these discovery requests is denied as moot. With respect to the

outstanding interrogatories and document requests, the Court hereby rules as follows:

As to Interrogatory No. 2, the Motion to Compel is allowed. With respect to each entity identified in response to Interrogatory No.1, the Respondent shall provide to the Petitioner on or before March 3, 2008 the names of the owners and managers of each entity and the positions of management which each of these individuals held and the entity with which such individual held the position. The Respondent shall provide the mailing address, physical address, and telephone number for each individual identified.

As to Interrogatory Nos. 3 and 4, the Petitioner has served a subpoena upon the Respondent's payroll provider to seek the requested information. Accordingly, the Motion to Compel is denied as moot with respect to these interrogatories.

As to Interrogatory No. 5, the Motion to Compel is allowed. The Respondent shall provide to the Petitioner on or before March 3, 2008 the mailing address, physical address, and phone number for each person identified as having loaned funds to any entity identified in response to Interrogatory No. 1. Additionally, the Respondent shall state in his

supplemental response whether the four loans identified in response to this interrogatory constitute all of the loans made to any of the entities identified in response to Interrogatory No. 1.

With respect to Interrogatory No. 6, the Motion to Compel is allowed. On or before March 3, 2008, the Respondent shall provide to the Petitioner a list of all transfers of assets of an aggregate value of $5,000 or more between any of the entities identified in response to Interrogatory No. 1, including the identity of the entities involved, the date of the transfer, and the nature and amount of such transfer. To the extent that the Respondent takes the position that there were no transfers of assets between any of the entities identified in response to Interrogatory No. 1, the Respondent shall submit a supplemental response so stating.

As to Interrogatory Nos. 7 and 8, the Motion to Compel is allowed. On or before March 3, 2008, the Respondent shall provide the Petitioner the identity of those persons with the authority to make decisions regarding the operation of each entity identified in response to Interrogatory No. 1, and for each person so identified, the Respondent shall describe the authority held by such person, including any limits on such authority. For each individual identified, the Respondent shall name the entities identified

in response to Interrogatory No. 1 for which that individual had decision making authority. For any such person identified who was not already identified in response to Interrogatory No. 2, the Respondent shall provide the mailing address, physical address, and phone number of such individual. If there are no individuals with decision making authority for any of the entities identified in response to Interrogatory No. 1, the Respondent shall so state.

With respect to Interrogatory No. 9, the Motion to Compel is allowed. The Respondent shall provide the Petitioner on or before March 3, 2008 the level (dollar value) of capitalization for all entities identified in response to Interrogatory No. 1 as of the last day of each fiscal year of each such entity from 1998 to the present.

With respect to Interrogatory No. 10, the Motion to Compel is denied. However, the Court grants the Petitioner leave to reword its request and serve the Respondent with a new interrogatory. In light of this allowance, and in the interest of fairness, the Court will also grant the Respondent leave to file an additional interrogatory in excess of the ten-interrogatory limitation previously established by the Court. See Order entered December 13, 2007 at 7.

As to Document Request No. 5, the Motion to Compel is allowed.  On or before March 3, 2008, the Respondent shall be required to produce to the Petitioner all documents exchanged between the Respondent and any third party which pertain in any way to the claims or defenses asserted in this action or the Arbitration Demand, except that the Respondent shall not be required to produce any documents that either he or any of his companies have exchanged solely with their counsel.  If there are no documents responsive to this request, the Respondent shall so state in a verified supplemental response.

As to Document Request No. 9, the Motion to Compel is allowed.  On or before March 3, 2008, the Respondent shall produce to the Petitioner all corporate governance documents for DIG, D&A and all other entities identified in response to Interrogatory No. 1, including, but not limited to, all articles of incorporation, corporate charters, operating agreements, bylaws, business plans, and any other written procedures or guidelines.  The Respondent shall formally amend his response to this request on or before March 3, 2008 to the extent that any of these documents do not exist or are not in the custody or control of the Respondent.

With regard to Document Request No. 10, the Motion to Compel is allowed. The Respondent shall produce all non-privileged documents relating to all lawsuits, legal proceedings, and government investigations brought or pending at any time since January 1, 1998 to the present against DIG, D&A or any of the other entities identified in response to Interrogatory No. 1.

As to Document Request No. 12, the Motion to Compel is allowed to the extent that on or before March 3, 2008, the Respondent shall produce to the Petitioner those documents in his custody or control that support the value of capitalization given in response to Document Request No. 9 for DIG, D&A, and all of the other entities identified in response to Interrogatory No. 1 and shall amend his response to this request accordingly.

With regard to Document Request Nos. 14, 18, 19, 20, and 21, the Motion to Compel is allowed. On or before March 3, 2008, the Respondent shall produce documents responsive to these requests for the time period of January 1, 1998 to the present and amend his written responses to these requests accordingly.

With regard to Document Request Nos. 16 and 17, the Motion to Compel is allowed for the period of January 1, 1998 to the present. The Respondent shall produce the requested documents and amend his responses accordingly on or before March 3, 2008.

All supplemental responses to interrogatories ordered herein shall be verified in accordance with the Federal Rules of Civil Procedure.

To the extent not otherwise addressed herein, the Respondent shall such documents and responses as are ordered herein on or before March 3, 2008.

Finally, the Petitioner requests an award of attorney's fees and costs incurred in bringing the Motion to Compel. In light of the relatively short timetable for discovery in this case, the Petitioner apparently chose to proceed with this Motion to Compel in order to obtain the needed discovery materials as expeditiously as possible, rather than resolve this matter without Court intervention, a process which likely would have taken more time and effort by the parties. For this reason, despite the obvious shortcomings in the Respondent's answers to the propounded discovery, the Court in its discretion declines to award the Petitioner its fees and costs incurred in pursuing this motion. See Fed. R. Civ. P. 37(a)(5)(C).

Accordingly, **IT IS, THEREFORE, ORDERED** that the Petitioner's Motion to Compel is **ALLOWED IN PART** and **DENIED IN PART**. The Petitioner's request for an award of attorney's fees and costs incurred in bringing this motion is **DENIED**.

**IT IS SO ORDERED**.

Signed: February 22, 2008

Martin Reidinger
United States District Judge